UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
(SOUTH BEND DIVISION)

| | |
|---|---|
| MICHAEL MCDOWELL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ZIMMER US, INC. d/b/a ZIMMER BIOMET,<br><br>*Defendant.* | COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>Civil Docket No.: |

Plaintiff Michael McDowell ("Plaintiff"), individually and on behalf of all others similarly situated, by and through counsel, BROWN, LLC, alleges the following upon personal knowledge as to his own acts and experiences, and upon information and belief as to all other matters:

## INTRODUCTION

1. This is a collective action on behalf of Plaintiff and all others similarly situated who work or worked for Defendant Zimmer US, Inc. d/b/a Zimmer Biomet ("Defendant") as hourly-paid warehouse, inventory, logistics, surgical-support, and other similarly situated hourly-paid employees, and who were not paid all overtime compensation and other wages due for all compensable hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. Plaintiff brings this action individually and on behalf of all other similarly situated hourly-paid employees who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation and other wages unlawfully withheld by Defendant, liquidated damages as provided by 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs.

3. Additionally, Plaintiff brings this action for himself and all others similarly situated who work or worked for Defendant as hourly-paid warehouse, inventory, logistics, surgical-support, and other similarly situated hourly-paid employees to recover unpaid wages, overtime compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs under the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

4. Defendant violates the FLSA through unlawful timekeeping and payroll practices for hourly-paid employees, including:

a. failing to pay employees for compensable pre-shift, post-shift, and weekend on-call work, including work performed from home, travel time, and work performed in excess of forty (40) hours in a workweek;

b. automatically deducting time from employees' pay each day based on meal breaks, despite employees not receiving bona fide meal breaks or having to perform work during those periods, resulting in nonpayment for hours worked, including hours worked in excess of forty (40) in a workweek;

c. paying employees flat-sum weekend on-call amounts and other lump-sum or bonus-type payments in place of lawful overtime compensation for hours worked in excess of forty (40) in a workweek; and

d. failing to pay the required overtime premium compensation for all hours worked in excess of forty (40) in a workweek, including by failing to include all required remuneration, such as bonuses, incentive payments, awards, shift differentials, and other compensation, in the regular rate used to calculate overtime.

5. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA, individually and on behalf of a putative "FLSA Collective," defined as:

*All hourly-paid warehouse, inventory, logistics, surgical-support, and other similarly situated hourly-paid employees, employed by Defendant at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

6. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all similarly situated hourly-paid employees of Defendant, informing them of their right to opt in to this action and assert claims under the FLSA.

7. Plaintiff asserts his Maryland wage-and-hour claims individually and pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a putative "Maryland Class" defined as follows:

*All hourly-paid warehouse, inventory, logistics, surgical-support, and other similarly situated hourly-paid employees, employed by Defendant in Maryland at any time within the three (3) years preceding the filing of this Complaint through the date of final judgment.*

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201 *et seq.*

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts with Plaintiff's federal claims.

10. The Court has general personal jurisdiction over Defendant because Defendant is headquartered in Indiana, maintains its principal place of business and center of operations in Indiana.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and maintains its principal place of business in this District.

## PARTIES

### Defendant

12. Defendant Zimmer US, Inc. d/b/a Zimmer Biomet is an Indiana-based business entity that operates orthopedic, surgical-support, warehouse, inventory, logistics, and related operations throughout the United States.

13. Defendant's principal place of business is located at 345 East Main Street, Warsaw, Indiana 46580.

14. Defendant conducts substantial business and maintains operations throughout the United States, including in Maryland.

### Plaintiff

15. Plaintiff Michael McDowell is an individual residing in Baltimore City, Maryland.

16. Plaintiff was employed by Defendant from approximately March 2022 through approximately July 2025.

17. Plaintiff performed work for Defendant in Maryland, including out of Defendant's Hanover, Maryland facility.

18. Plaintiff was paid on an hourly basis and was subject to Defendant's timekeeping and payroll policies.

19. Plaintiff's written consent to become a party plaintiff under the FLSA is filed herewith pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

# FACTUAL ALLEGATIONS[1]

**Defendant's Business and Coverage**

20. Defendant operates orthopedic, surgical-support, warehouse, inventory, logistics, and related operations throughout the United States.

21. Defendant is an enterprise engaged in commerce within the meaning of the FLSA.

22. Defendant has employees engaged in commerce or in the production of goods for commerce, and has employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.

24. Hourly-paid employees are individually engaged in commerce within the meaning of the FLSA because they perform work involving the handling, movement, preparation, coordination, storage, and distribution of goods and materials that move in interstate commerce.

25. Defendant is the employer of hourly-paid employees within the meaning of the FLSA, the MWHL, and the MWPCL.

**Employment, Operations, and Pay Practices**

26. Hourly-paid employees perform warehouse, inventory, logistics, surgical-support, and related work for Defendant.

27. These employees perform work in Maryland, including out of Defendant's Hanover, Maryland facility, and in other locations throughout Defendant's operations.

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three (3) years prior to the filing of this Complaint through the present.

28. Defendant tracks and pays hourly-paid employees through electronic timekeeping and payroll systems, including ADP.

29. Supervisors, managers, and payroll personnel control scheduling, reporting times, approval of hours, time edits, and payroll practices affecting the hours credited and paid to hourly-paid employees.

30. Hourly-paid employees' primary job duties include receiving and coordinating requests for surgical cases, preparing and locating implants and instrumentation, pulling and staging materials, coordinating with drivers and representatives, handling inventory and related documentation, and performing related logistics and warehouse tasks.

31. Hourly-paid employees regularly work shifts that require them to report before or remain after their scheduled hours, respond to work demands outside their scheduled shifts, and perform work under Defendant's timing, productivity, and operational expectations.

32. Defendant pays hourly-paid employees based on the time and compensation credited through Defendant's timekeeping and payroll systems.

**<u>Defendant's Weekend On-Call and Overtime Practices</u>**

33. Defendant maintains timekeeping and payroll practices that fail to record and pay hourly-paid employees for all compensable work time, including weekend on-call work, work performed from home, travel time, work performed before or after scheduled shifts, and work performed during meal periods.

34. Defendant requires hourly-paid employees assigned to weekend on-call duty to remain available during designated weekend periods, respond to calls, and begin work when needed.

35. Defendant controls the on-call process, including who is assigned, when employees must be available, how they must respond, and how that time is paid.

36. Defendant requires hourly-paid employees assigned to weekend on-call duty to keep the work phone with them, remain ready to respond, and report to the facility or otherwise begin work when called.

37. Defendant does not ensure that all on-call work time, all work performed from home, all travel time, and all other compensable work time are recorded and paid.

38. As a result of these practices, Defendant understates the total hours worked by hourly-paid employees.

39. As a result of these practices, Defendant fails to pay all wages and overtime compensation due for compensable work time.

40. Defendant applies these timekeeping and payroll practices to hourly-paid employees as part of common policies or practices.

**Weekend On-Call Work and Flat-Sum Payments**

41. Defendant requires hourly-paid employees assigned to weekend on-call duty to remain available throughout substantial portions of Saturday and Sunday.

42. Defendant requires these employees to keep the work phone with them, monitor calls and messages, respond to representatives and hospitals, and remain ready to begin work on short notice.

43. Defendant requires these employees, in many instances, to begin work from home before traveling to the facility.

44. This work from home includes preparing cases, reviewing system information, coordinating needed materials, and otherwise beginning the work required to fulfill surgical and logistics needs.

45. Defendant also requires these employees to travel to the facility, pull and prepare materials, coordinate with drivers and representatives, wait for handoff or pickup, and, in many instances, make multiple trips from their homes to the facility.

46. Defendant does not record and pay all of this work as hourly and overtime work.

47. Instead, Defendant pays flat-sum weekend amounts for on-call work.

48. Defendant's flat-sum weekend on-call practice replaced or displaced the recording and payment of all actual time spent performing weekend on-call work.

49. For some hourly-paid employees, those flat-sum weekend amounts are approximately $450.

50. For other hourly-paid employees, those flat-sum weekend amounts are lower, including approximately $250.

51. On information and belief, Defendant varies these flat-sum weekend amounts based on employee role, title, experience, and/or assigned responsibilities.

52. Defendant uses these flat-sum weekend payments in place of lawful hourly and overtime compensation for compensable on-call work.

53. Defendant does not ensure that these flat-sum weekend payments satisfy its obligation to pay for all compensable time worked and all overtime compensation due.

**Time Edits, Separate Payments, and Overtime Underpayment**

54. Defendant regularly suffers or permits hourly-paid employees to work more than forty (40) hours in one or more workweeks.

55. Despite suffering or permitting hourly-paid employees to work more than forty (40) hours in one or more workweeks, Defendant fails to pay overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

56. Defendant uses payroll practices that delay, separate, obscure, reduce, or replace overtime compensation.

57. In some workweeks, Defendant pays overtime through separate payments, bonus-type payments, stipend-type payments, flat amounts, or other non-transparent payroll entries rather than clearly paying all overtime compensation through regular payroll.

58. In some workweeks, Defendant edits or reduces the hours credited in its timekeeping system while handling the remaining hours or compensation separately.

59. In some workweeks, Defendant credits employees with forty (40) hours in the timekeeping system and pays separate lump-sum amounts that do not transparently reflect all overtime hours actually worked.

60. In some workweeks, Defendant pays some or all hours worked over forty (40) through rounded or flat amounts rather than paying all overtime hours at one and one-half times the regular rate.

61. In one or more workweeks during the relevant period, Plaintiff worked more than forty (40) hours, performed weekend on-call work, and received a flat-sum weekend payment rather than all overtime compensation due for that workweek.

62. As a result of these practices, Defendant fails to pay hourly-paid employees overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

63. Defendant also fails to calculate overtime compensation using the proper regular rate of pay.

64. Hourly-paid employees receive additional remuneration, including shift differentials, bonuses, incentive payments, awards, and other compensation.

65. In workweeks in which hourly-paid employees receive such additional remuneration and work more than forty (40) hours, Defendant does not include all required remuneration in the regular rate used to calculate overtime compensation.

66. As a result, Defendant underpays overtime compensation owed to hourly-paid employees even when some overtime hours are recorded and paid.

**Meal Periods and Other Unpaid Work Time**

67. Defendant also maintains practices that fail to pay hourly-paid employees for all compensable work performed during meal periods and outside scheduled shifts.

68. Hourly-paid employees do not always receive bona fide, uninterrupted meal periods.

69. Because of workload, operational demands, calls from hospitals, requests from representatives, and other business demands, hourly-paid employees often continue working during meal periods or remain subject to work demands during those periods.

70. Defendant deducts or causes meal-period time to be deducted from employees' paid hours even when employees perform work during some or all of the deducted period or do not receive a bona fide, uninterrupted meal period.

71. Defendant also deducts or fails to pay short rest-break periods that must be counted as compensable work time.

72. Defendant does not ensure that all such compensable time is restored to paid hours and included in overtime calculations.

73. Hourly-paid employees also perform work before clocking in, after clocking out, before arriving at the facility, and after leaving the facility, including receiving calls, responding to requests, providing updates, preparing cases, coordinating with representatives or drivers, and handling other work-related issues.

74. Defendant does not ensure that all such compensable work time is credited and paid.

**<u>Defendant's Willful Violations</u>**

75. Defendant knows, or shows reckless disregard for whether hourly-paid employees perform compensable work during weekend on-call periods, from home, during travel, during meal periods, and outside scheduled shifts.

76. Defendant knows, or shows reckless disregard for, whether its timekeeping and payroll practices fail to capture and pay hourly-paid employees for all compensable work time.

77. Defendant knows, or shows reckless disregard for whether, using flat-sum weekend payments, separate payments, bonus-type payments, time edits, or other payroll practices results in employees not being paid all overtime compensation due under the FLSA.

78. Defendant controls the policies and practices governing on-call assignments, reporting times, timekeeping procedures, time edits, approval of hours, payroll processing, and compensation for hourly-paid employees.

79. Defendant applies these timekeeping and payroll practices to hourly-paid employees as part of common policies or practices.

80. Defendant's violations are willful because Defendant knows, or shows reckless disregard for, whether its timekeeping and payroll practices fail to pay hourly-paid employees for all compensable work time and all overtime compensation due.

## COLLECTIVE ACTION ALLEGATIONS

81. Plaintiff re-alleges and incorporates all previous paragraphs herein.

82. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and on behalf of the FLSA Collective defined above with respect to the wage-and-hour claims.

83. Plaintiff and other members of the FLSA Collective regularly work more than forty (40) hours in one or more workweeks as suffered or permitted by Defendant.

84. Defendant subjects Plaintiff and other members of the FLSA Collective to common timekeeping, on-call, and payroll practices that result in employees not being paid for all compensable work time and not receiving all overtime compensation required by the FLSA.

85. These unlawful practices arise from common policies and practices applied to hourly-paid employees, not from discretionary decisions unique to individual employees.

86. Defendant fails to pay Plaintiff and other members of the FLSA Collective overtime compensation at a rate not less than one and one-half (1.5) times their regular rates of pay for all hours worked in excess of forty (40) in a workweek, as required by the FLSA.

87. As a result of Defendant's unlawful practices, in many workweeks, Plaintiff and other members of the FLSA Collective work more than forty (40) hours but are not paid all overtime compensation at the required premium rate.

88. Defendant's conduct and practices are willful and not undertaken in good faith. Defendant knows, or shows reckless disregard for whether its timekeeping, on-call, and payroll

practices result in employees not being paid for all compensable work time and proper overtime compensation under the FLSA.

89. Plaintiff and other members of the FLSA Collective are subjected to the same common unlawful policies and practices that violate the FLSA.

90. With respect to the claims set forth herein, a collective action under the FLSA is appropriate because Plaintiff and the members of the FLSA Collective are similarly situated within the meaning of 29 U.S.C. § 216(b).

91. Plaintiff and the members of the FLSA Collective are similarly situated because they are all hourly-paid employees subject to the same or similar timekeeping, on-call, and payroll practices, and their claims arise from the same factual and legal theories.

92. Defendant maintains policies and practices that result in Plaintiff and other members of the FLSA Collective not being paid for all compensable work time, including weekend on-call work, work performed from home, travel time, work performed before or after scheduled shifts, work performed during meal periods, and other work time that is not fully credited for compensation.

93. Defendant's common timekeeping and payroll practices also result in overtime underpayment by failing to include all compensable work time in overtime calculations in workweeks in which Plaintiff and other members of the FLSA Collective work more than forty (40) hours.

94. Defendant also maintains common payroll practices that use flat-sum weekend payments, separate payments, bonus-type payments, time edits, and other payroll methods that fail to ensure payment of all overtime compensation due.

95. Plaintiff estimates that the FLSA Collective consists of numerous similarly situated hourly-paid employees, and the precise number of FLSA Collective members is readily ascertainable from Defendant's payroll, scheduling, timekeeping, and personnel records.

96. The identity of the members of the FLSA Collective, the hours they work, the on-call assignments they receive, and the wages and other compensation paid to them are ascertainable from Defendant's payroll, timekeeping, scheduling, and personnel records.

**RULE 23 CLASS ACTION ALLEGATIONS**

97. Plaintiff re-alleges and incorporates all previous paragraphs herein.

98. Plaintiff seeks to pursue his MWHL and MWPCL claims individually and pursuant to Federal Rule of Civil Procedure 23 as an opt-out class action on behalf of the Maryland Class.

99. Plaintiff brings this class action to recover unpaid wages, overtime compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the MWHL and the MWPCL.

100. The identity of the members of the Maryland Class, the hours they work, the on-call assignments they receive, and the wages and other compensation paid to them are ascertainable from Defendant's payroll, timekeeping, scheduling, and personnel records, and damages can be determined through common proof.

101. The members of the Maryland Class are so numerous that joinder of all Class members is impracticable. Plaintiff reasonably estimates that there is a substantial number of Class members. The members of the Maryland Class are readily identifiable from Defendant's payroll, timekeeping, scheduling, and personnel records.

102. There is a well-defined community of interest among the Maryland Class members, and common questions of law and fact predominate over any questions affecting individual Class

members. These common questions include, but are not limited to, whether Defendant maintains common timekeeping, on-call, and payroll practices that fail to pay employees for all compensable work time, whether Defendant fails to pay all wages and overtime compensation owed, whether Defendant uses flat-sum weekend payments or separate payments in place of lawful wages, and whether Defendant's practices violate the MWHL and the MWPCL.

103. Plaintiff's claims are typical of the claims of the Maryland Class members in that Plaintiff and all other Class members suffer damages as a direct and proximate result of Defendant's common and systemic timekeeping, on-call, and payroll policies and practices. All Class members are affected by the same or similar pay practices of Defendant. Separate litigation by individual employees would present a risk of inconsistent or varying adjudications.

104. All Class members are treated the same or similarly by Defendant with respect to pay practices, including but not limited to the failure to pay for all compensable work time and the failure to pay all overtime compensation due. Accordingly, common questions of law and fact apply to each and every member of the Maryland Class.

105. Plaintiff will fairly and adequately protect the interests of the Maryland Class. Plaintiff has retained counsel experienced in the prosecution of wage-and-hour class and collective actions. Neither Plaintiff nor his counsel has interests that are antagonistic to or in conflict with the interests of the Maryland Class members.

106. Defendant's common policies and practices affect all Maryland Class members similarly, and Defendant benefits from the same type of conduct with respect to each Class member. Plaintiff's claims arise from the same legal theories as those of the Maryland Class, making this action manageable and efficient as a Rule 23 class action.

107. Class treatment is superior because Defendant's liability turns on common timekeeping, on-call, scheduling, and payroll practices, and resolution of those issues in a single proceeding will conserve judicial resources and avoid inconsistent adjudications.

108. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class members are relatively small, making individual litigation economically impracticable. Proceeding as a class action will also avoid duplicative litigation and inconsistent results.

109. This action is manageable as a Rule 23 class action, and Plaintiff and his counsel are aware of no unusual difficulties that would preclude class treatment of the claims.

110. Because the requirements of Rule 23(b)(3) are satisfied, certification of the Maryland Class is appropriate.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**Failure to Pay Overtime Wages**

111. Plaintiff re-alleges and incorporates all previous paragraphs herein.

112. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

113. Defendant suffers and permits Plaintiff and the members of the FLSA Collective to work over forty (40) hours in one or more workweeks.

114. As a result of the policies and practices alleged herein, Defendant fails to pay Plaintiff and the members of the FLSA Collective all overtime compensation due for hours worked in excess of forty (40) in a workweek.

115. Defendant's unlawful practices include, among other things, failing to pay for all compensable weekend on-call work, failing to pay for all other compensable work time, failing to include all required remuneration in the regular rate used to calculate overtime, and using flat-sum weekend payments, separate payments, bonus-type payments, time edits, and other payroll practices that fail to provide all overtime compensation due under the FLSA.

116. Defendant's conduct and practices, as described herein, are willful and not undertaken in good faith.

117. Because Defendant willfully violates the FLSA, the three (3) year statute of limitations applies to Plaintiff's claims pursuant to 29 U.S.C. § 255(a).

118. As a result of Defendant's common timekeeping, on-call, and payroll practices described above, Plaintiff and the members of the FLSA Collective are unlawfully deprived of overtime compensation earned, in amounts to be determined at trial, and are entitled to recover all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**Violation of Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.***
**Failure to Pay Overtime Wages**

119. Plaintiff re-alleges and incorporates all previous paragraphs herein.

120. The MWHL requires employers to pay employees overtime compensation at a rate of not less than one and one-half (1.5) times their usual hourly wage for all hours worked in excess of forty (40) hours in a workweek. See Md. Code Ann., Lab. & Empl. § 3-415.

121. Defendant is the employer of Plaintiff and the members of the Maryland Class within the meaning of the MWHL.

122. Plaintiff and the members of the Maryland Class are employees of Defendant within the meaning of the MWHL.

123. Defendant employs Plaintiff and the members of the Maryland Class in the State of Maryland during the three (3) years preceding the filing of this Complaint.

124. Defendant fails to pay Plaintiff and the members of the Maryland Class all overtime compensation owed for hours worked in excess of forty (40) hours in a workweek, including by failing to pay for compensable weekend on-call work, work performed from home, travel time, work performed during meal periods, other compensable work time, and by failing to include all required remuneration in the regular rate or usual hourly wage used to calculate overtime compensation.

125. In many workweeks, Plaintiff and the members of the Maryland Class work in excess of forty (40) hours but are not compensated at one and one-half (1.5) times their usual hourly wage for all overtime hours worked.

126. Defendant knows, or shows reckless disregard for, whether its timekeeping, on-call, and payroll practices fail to ensure that all overtime hours worked by Plaintiff and the members of the Maryland Class are accurately recorded and properly compensated at the required premium rate.

127. As a result of Defendant's common policies and practices described above, Plaintiff and the members of the Maryland Class are unlawfully deprived of overtime compensation earned, in amounts to be determined at trial, and are entitled to recover unpaid overtime wages, liquidated

damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under the MWHL.

**COUNT III**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**Violation of Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.***
**Failure to Pay Wages for All Hours Worked**

128. Plaintiff re-alleges and incorporates all previous paragraphs herein.

129. The MWPCL requires employers to pay employees all wages due for work performed. See Md. Code Ann., Lab. & Empl. §§ 3-501, 3-502, and 3-505.

130. Defendant is the employer of Plaintiff and the members of the Maryland Class within the meaning of the MWPCL.

131. Plaintiff and the members of the Maryland Class are employees of Defendant within the meaning of the MWPCL.

132. Defendant employs Plaintiff and the members of the Maryland Class in the State of Maryland during the three (3) years preceding the filing of this Complaint.

133. Plaintiff and the members of the Maryland Class perform compensable work during weekend on-call periods and during other unpaid or underpaid work time. This includes work from home, while traveling, during meal periods, and during other work time that Defendant does not fully credit or compensate.

134. The wages Defendant fails to pay include straight-time wages, overtime wages, premium wages, and other wages due for compensable work performed, including wages due based on flat-sum on-call payments, bonuses, incentive payments, awards, shift differentials, and other remuneration that Defendant fails to properly credit, calculate, or pay.

135. Defendant fails to pay Plaintiff and the members of the Maryland Class for all compensable hours worked by, among other things, failing to record and pay for all weekend on-call work, failing to record and pay for work performed from home and during travel, failing to restore or pay for meal-period and rest-break work time, and understating compensable work time through its timekeeping and payroll practices.

136. As a result of Defendant's policies and practices, Plaintiff and the members of the Maryland Class are deprived of wages due for compensable work performed, including in workweeks in which overtime compensation is also owed.

137. Defendant knows, or shows reckless disregard for whether, Plaintiff and the members of the Maryland Class perform compensable work for which they are not paid because Defendant controls the on-call system, timekeeping system, time approvals, payroll practices, and other practices used to calculate and pay wages.

138. As a result of Defendant's common policies and practices described above, Plaintiff and the members of the Maryland Class are unlawfully deprived of wages earned, in amounts to be determined at trial, and are entitled to recover unpaid wages, enhanced damages as permitted by law, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under the MWPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. Certify this action as a collective action pursuant to 29 U.S.C. § 216(b) and authorize notice to be sent to all similarly situated employees informing them of their right to opt into this action;

B. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Maryland Class;

C. Designate Plaintiff as the representative of the FLSA Collective and the Maryland Class and designate Plaintiff's counsel as Class Counsel;

D. Declare that Defendant violated the FLSA, 29 U.S.C. § 201 et seq., the MWHL, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*;

E. Award Plaintiff and the members of the FLSA Collective and Maryland Class all unpaid wages due, including unpaid overtime compensation and unpaid wages recoverable under Maryland law;

F. Award liquidated damages as permitted by the FLSA and Maryland law;

G. Award enhanced damages as permitted by the MWPCL;

H. Award pre-judgment and post-judgment interest to the fullest extent permitted by law;

I. Award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), Md. Code Ann., Lab. & Empl. § 3-427, and Md. Code Ann., Lab. & Empl. § 3-507.2; and

J. Award such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Respectfully submitted,

Dated: May 28, 2026

By: /s/ Nicholas Conlon

Nicholas Conlon (to seek *pro hac vice*)
Michael Rinderman (to seek *pro hac vice*)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Lead Counsel for Plaintiff*